**FILED**
CLERK, U.S. DISTRICT COURT

6/21/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MMC _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>MICHAEL SANCHEZ,<br>  aka "Mike Mike Toys,"<br><br>            Defendant. | CR No. 2:23-00299(A)-MCS<br><br>F I R S T<br>S U P E R S E D I N G<br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(C): Possession with Intent to Distribute Methamphetamine, Fentanyl, and Cocaine; 21 U.S.C. § 856(a)(1): Maintaining a Drug Involved Premises; 18 U.S.C. § 924(c)(1)(A)(i): Carrying a Firearm During and in Relation to, and Possession of a Firearm in Furtherance of, a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 924, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

        The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about February 27, 2022, in Los Angeles County, within the Central District of California, defendant MICHAEL SANCHEZ, also known as "Mike Mike Toys," knowingly and intentionally possessed with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TWO

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about February 27, 2022, in Los Angeles County, within the Central District of California, defendant MICHAEL SANCHEZ, also known as "Mike Mike Toys," knowingly carried a firearm, namely, a Glock 19, 9mm semiautomatic pistol, bearing serial number BSVD212, during and in relation to, and possessed that firearm in furtherance of, a drug trafficking crime, namely, Possession with Intent to Distribute Fentanyl in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count One of this First Superseding Indictment.

3

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about February 27, 2022, in Los Angeles County, within the Central District of California, defendant MICHAEL SANCHEZ, also known as "Mike Mike Toys," knowingly possessed a firearm, namely, a Glock Model 19, 9mm pistol, bearing serial number BSVD212, and ammunition, namely, one round of Remington 9mm ammunition, one round of Cascade Cartridges 9mm ammunition, and one round of Sig Sauer 9mm ammunition, each in and affecting interstate commerce.

Defendant SANCHEZ possessed such firearm and ammunition knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, First-Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Los Angeles, Case Number PA085221, on or about May 2, 2016.

4

COUNT FOUR

[21 U.S.C. § 846]

A.    OBJECT OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, but no later than July 12, 2023, and continuing until on or about November 15, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant MICHAEL SANCHEZ, also known as "Mike Mike Toys," conspired with others known and unknown to the Grand Jury to knowingly and intentionally distribute, and possess with intent to distribute, at least fifty grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii).

B.    MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.    Defendant SANCHEZ would obtain controlled substances, including methamphetamine, for further distribution.

2.    Defendant SANCHEZ would operate and maintain a drug stash house in Northridge, California (the "stash house"), which the co-conspirators would use to store and package drugs for further distribution.

3.    Defendant SANCHEZ and co-conspirators would package controlled substances, including methamphetamine, into packages at the stash house for shipment to drug customers located throughout the United States.

4.    Co-conspirator 1 and Co-conspirator 2, acting at the direction of defendant SANCHEZ, would travel to shipping stores in

5

Los Angeles County and ship the packages of controlled substances, including methamphetamine, to drug customers.

C.    OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendant SANCHEZ, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:    On July 12, 2023, using coded language in a text message, Co-conspirator 2 asked defendant SANCHEZ to provide him with an update on a drug shipment and when he would receive payment for the shipment.

Overt Act No. 2:    On July 12, 2023, using coded language in a text message, a drug customer contacted defendant SANCHEZ and asked to purchase methamphetamine: "I need an order of waters for tomorrow."

Overt Act No. 3:    On July 26, 2023, using coded language in text messages, a co-conspirator discussed with defendant SANCHEZ a sale of methamphetamine and fentanyl: "Tomorrow have word on stand by when they bring waters and the nandos."

Overt Act No. 4:    On August 3, 2023, using coded language in a text message, Co-conspirator 2 told defendant SANCHEZ that he had cocaine, to which defendant SANCHEZ replied that he also had cocaine.

Overt Act No. 5:    On August 8, 2023, using coded language in multiple text messages, defendant SANCHEZ informed Co-conspirator 2 that he could ship drugs faster once he was paid: "Let me know when you send that bread bro the faster I get that money bro the faster I could put this shit in the air."

Overt Act No. 6:    On August 8, 2023, defendant SANCHEZ texted a screenshot of his CashApp QR code to Co-conspirator 2 to receive payment for a drug shipment.

Overt Act No. 7:    On August 9, 2023, using coded language in a text message, Co-conspirator 2 informed defendant SANCHEZ that he sent money to defendant SANCHEZ and would send more money shortly.

Overt Act No. 8:    On August 10, 2023, using coded language in a text message, Co-conspirator 2 requested fentanyl from defendant SANCHEZ: "Don't forget the blues bro."

Overt Act No. 9:    On August 22, 2023, Co-conspirator 2 flew from Nashville, Tennessee to Los Angeles to meet with defendant SANCHEZ and other co-conspirators.

Overt Act No. 10:    On September 2, 2023, using coded language in a text message, Co-conspirator 2 informed defendant SANCHEZ that he could broker fentanyl deals: "My ppl trying to get 20000 blues we missing out u playing homie."

Overt Act No. 11:    On September 5, 2023, using coded language in a text message, defendant SANCHEZ asked Co-conspirator 2 to send him an address for a drug shipment.

Overt Act No. 12:    On September 5, 2023, in response to the text message referenced in Overt Act No. 11, Co-conspirator 2 sent defendant SANCHEZ two addresses in the greater Nashville, Tennessee area.

Overt Act No. 13:    On September 5, 2023, using coded language in a text message, Co-conspirator 2 told defendant SANCHEZ to send him confirmation once the drug shipment was complete so that he could send defendant SANCHEZ payment: "And send me all the info once done bro let's get this bread bro."

Overt Act No. 14:   On September 7, 2023, using coded language in a text message, Co-conspirator 2 told defendant SANCHEZ that he had payment for defendant SANCHEZ for a drug shipment: "I got u a bank roll mf."

Overt Act No. 15:   On September 7, 2023, in a text message, defendant SANCHEZ sent his address to Co-conspirator 2.

Overt Act No. 16:   On September 11, 2023, using coded language in multiple text messages, defendant SANCHEZ instructed Co-conspirator 1 to put defendant SANCHEZ's firearm into his car: "Go get the gun and bring it. Yo put it in my whip."

Overt Act No. 17:   On September 12, 2023, defendant SANCHEZ instructed Co-conspirator 2 to purchase drug shipment supplies including "4 boxes" of vacuum-sealer bags.

Overt Act No. 18:   On October 3, 2023, Co-conspirator 2 sent defendant SANCHEZ a text message containing a screenshot of a package label addressed to "Moe Lee" using defendant SANCHEZ's address, from "Hen Lee," with a return address in the Nashville, Tennessee area.

Overt Act No. 19:   On October 19, 2023, at the direction of defendant SANCHEZ and for the benefit of Co-conspirator 2, Co-conspirator 1 mailed a parcel containing methamphetamine from a shipping store in Northridge, California to a drug customer in the Nashville, Tennessee area.

Overt Act No. 20:   On October 19, 2023, Co-Conspirator 2 boarded a Spirit Airlines flight from Los Angeles to Nashville, Tennessee.

Overt Act No. 21:   On October 20, 2023, using coded language in a text message, defendant SANCHEZ asked Co-conspirator 1 if he shipped "that box" for Co-conspirator 2.  In response, Co-conspirator

8

1 texted defendant SANCHEZ a screenshot of a postal receipt with tracking information, confirming an October 19, 2023 shipment destined for an address in the Nashville, Tennessee area.

Overt Act No. 22: On November 5, 2023, in multiple text messages, defendant SANCHEZ told Co-conspirator 2 that he sold all his supply of drugs but that he will receive more drugs in three days: "I just sold them all bro. But I'll have some more in 3 days."

Overt Act No. 23: On November 6, 2023, Co-conspirator 2 traveled from Nashville, Tennessee to Los Angeles to meet defendant SANCHEZ and other co-conspirators, and rented a vehicle from Enterprise Rent-A-Car at Los Angeles International Airport to drive to defendant SANCHEZ's residence.

Overt Act No. 24: On November 7, 2023, Co-conspirators 1 and 2 traveled to defendant SANCHEZ's residence, which operated as the stash house where defendant SANCHEZ supplied controlled substances, including methamphetamine, to Co-conspirators 1 and 2 for further distribution.

Overt Act No. 25: On November 7, 2023, at the direction of defendant SANCHEZ and Co-conspirator 2, Co-conspirator 1 shipped a parcel containing methamphetamine from a shipping store in Northridge, California to a drug customer in the Nashville, Tennessee area.

Overt Act No. 26: On November 7, 2023, at the direction of defendant SANCHEZ and Co-conspirator 2, Co-conspirator 1 shipped a parcel containing approximately 8.97 kilograms of methamphetamine from a shipping store in Northridge, California to a drug customer in the Nashville, Tennessee area.

Overt Act No. 27:   On November 7, 2023, at the direction of defendant SANCHEZ and Co-conspirator 2, Co-conspirator 1 shipped a parcel containing approximately 8.97 kilograms of methamphetamine from a shipping store in Northridge, California to a drug customer in the Nashville, Tennessee area.

Overt Act No. 28:   On November 7, 2023, at the direction of defendant SANCHEZ and Co-conspirator 2, Co-conspirator 1 shipped a parcel containing approximately 8.97 kilograms of methamphetamine from a shipping store in Northridge, California to a drug customer in the Nashville, Tennessee area.

Overt Act No. 29:   On November 7, 2023, Co-conspirator 2 shipped a parcel containing approximately 8.97 kilograms of methamphetamine from a shipping store in Sherman Oaks, California to a drug customer in the Nashville, Tennessee area.

Overt Act No. 30:   On November 15, 2023, via text message, defendant SANCHEZ sent a video to a co-conspirator showing the removal of controlled substances from a food storage box.

Overt Act No. 31:   On November 15, 2023, inside the stash house, defendant SANCHEZ possessed approximately 81.47 kilograms of methamphetamine, approximately 291.7 grams of cocaine, drug packaging materials, a digital scale, a money counter, and the following firearms to protect the co-conspirators' drugs: a Glock, Model 48, 9x19 caliber semiautomatic pistol, bearing serial number BMPS174, a Glock, Model 17, 9x19 caliber semiautomatic pistol, bearing serial number BWFK597, a Zastava Arms, Model PAP M92PV, 7.62x39 caliber semiautomatic pistol, bearing serial number M92PV052432, and an Anderson Manufacturing, model AM-15, .223 Remington caliber firearm, serial number 21159415.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. §§ 2(a), 2(b)]

On or about November 7, 2023, in Los Angeles County, within the Central District of California, defendant MICHAEL SANCHEZ, also known as "Mike Mike Toys," and other known and unknown to the Grand Jury, each aiding and abetting the others, knowingly and intentionally distributed, and willfully caused to be distributed, at least 50 grams, that is, approximately 8.97 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about November 15, 2023, in Los Angeles County, within the Central District of California, defendant MICHAEL SANCHEZ, also known as "Mike Mike Toys," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 81.47 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about November 15, 2023, in Los Angeles County, within the Central District of California, defendant MICHAEL SANCHEZ, also known as "Mike Mike Toys," knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

COUNT EIGHT

[21 U.S.C. § 856(a)(1)]

Beginning on a date unknown and continuing through on or about November 15, 2023, in Los Angeles County, within the Central District of California, defendant MICHAEL SANCHEZ, also known as "Mike Mike Toys," knowingly leased, rented, used, and maintained a place, that is, a residence located at 9710 Zelzah Avenue, Apt. #107, in Northridge, California, for the purpose of distributing controlled substances, namely, methamphetamine, a Schedule II controlled substance, and cocaine, a Schedule II narcotic drug controlled substance.

14

COUNT NINE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about November 15, 2023, in Los Angeles County, within the Central District of California, defendant MICHAEL SANCHEZ, also known as "Mike Mike Toys," knowingly possessed firearms, namely, a Zastava Arms, model PAP M92PV, 7.62x39 caliber firearm, bearing serial number M92PV052432; a Glock, Model 48, 9x19 caliber semiautomatic pistol, bearing serial number BMPS174; a Glock, Model 17, 9x19 caliber semiautomatic pistol, bearing serial number BWFK597; an Anderson Manufacturing, model AM-15, .223 Remington caliber firearm, bearing serial number 21159415, in furtherance of drug trafficking crimes, namely, Possession with Intent to Distribute Methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count Six of this First Superseding Indictment, Possession with Intent to Distribute Cocaine in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Seven of this First Superseding Indictment, and Maintaining a Drug Involved Premises, in violation of Title 21, United States Code, Section 856(a)(1), as charged in Count Eight of this First Superseding Indictment.

15

COUNT TEN

[18 U.S.C. § 922(g)(1)]

On or about November 15, 2023, in Los Angeles County, within the Central District of California, defendant MICHAEL SANCHEZ, also known as "Mike Mike Toys," knowingly possessed the following firearms and ammunition, each in and affecting interstate commerce:

1.   a Glock, Model 48, 9x19 caliber semiautomatic pistol, bearing serial number BMPS174;

2.   a Glock, Model 17, 9x19 caliber semiautomatic pistol, bearing serial number BWFK597;

3.   a Zastava Arms, Model PAP M92PV, 7.62x39 caliber semiautomatic pistol, bearing serial number M92PV052432;

4.   61 rounds of F(dot)C Luger 9mm ammunition;

5.   95 rounds of Tulammo 7.62x39 caliber ammunition;

6.   one round of JSC Barnual Machine Tool Plant 7.62x39 caliber ammunition;

7.   30 rounds of Wolf 7.62x39 caliber ammunition;

8.   one round of GECO 7.62x39 caliber ammunition;

9.   nine rounds of LC, NATO .223 caliber ammunition;

10.  20 rounds of IMI .223 caliber ammunition;

11.  18 rounds of Frontier and 223 REM .223 caliber ammunition; and

12.  12 rounds of JSC Barnual Machine Tool Plant .223 caliber ammunition.

Defendant SANCHEZ possessed such firearms and ammunition knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, First-Degree Burglary, in violation of California Penal Code Section 459, in the

16

Superior Court of the State of California, County of Los Angeles, Case Number PA085221, on or about May 2, 2016.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in either of Counts One and Eight of this First Superseding Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

18

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Two, Three, Nine or Ten of this First Superseding Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

20

FORFEITURE ALLEGATION THREE

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in Counts Four through Seven of this First Superseding Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond

the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes
Section

ALEXANDER H. TRAN
Assistant United States Attorney
General Crimes Section

2