JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER H. TRAN (Cal. Bar No. 338940)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0758
    Facsimile: (213) 894-0141
    E-mail:   alexander.tran@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>        v.<br><br>MICHAEL SANCHEZ,<br>  aka "Mike Mike Toys,"<br><br>     Defendant. | No. 2:23-cr-00299-MCS<br><br>PLEA AGREEMENT FOR DEFENDANT MICHAEL SANCHEZ |

1. This constitutes the plea agreement between MICHAEL SANCHEZ ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count six of the

first superseding indictment in United States v. Michael Sanchez, No. 2:23-cr-00299-MCS, which charges defendant with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h. Agree to and not oppose the imposition of the following condition of probation or supervised release:

i. The defendant shall submit defendant's person and any property under defendant's control, including any residence, vehicle, papers, computer and other electronic communication or data storage devices and media, and effects, to suspicion-less search and seizure at any time of the day or night by any law enforcement or probation officer, with or without a warrant, and with or without cause; and if stopped or questioned by a law enforcement officer for

2

any reason, defendant shall notify that officer that defendant is on federal supervised release and subject to search.

i.     Recommend to the Court in writing in his sentencing position as well as orally at the sentencing hearing that defendant be sentenced to a term of imprisonment of no less than 144 months; and not seek, argue, or suggest in any way, either orally or in writing, that the Court impose a term of imprisonment below 144 months.

3.     Defendant further agrees:

a.     To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

i.     one round of Remington 9mm ammunition;

ii.    one round of Cascade Cartridges 9mm ammunition;

iii.   one round of Sig Sauer 9mm ammunition; and

iv.    a Glock Model 19, 9mm pistol, bearing serial number BSVD212;

v.     a Glock, Model 48, 9x19 caliber semiautomatic pistol, bearing serial number BMPS174;

vi.    a Glock, Model 17, 9x19 caliber semiautomatic pistol, bearing serial number BWFK597;

vii.   a Zastava Arms, Model PAP M92PV, 7.62x39 caliber semiautomatic pistol, bearing serial number M92PV052432; and

viii.     an Anderson Manufacturing, model AM-15, .223 Remington caliber firearm, serial number 21159415 (collectively, the "Forfeitable Property").

3

b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the property.

c.    That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

d.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

e.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or requirements of the government to commence forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

f.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

g.    Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

h.    To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

i.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.  With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty pleas.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the Indictment.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range,

the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSES

5.   Defendant understands that for defendant to be guilty of the crime charged in count six, that is, possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), the following must be true: (1) defendant knowingly possessed a controlled substance, namely, methamphetamine; and (2) defendant possessed it with the intent to distribute it to another person.  To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of the controlled substance to another person, with or without any financial interest in the transaction.  It does not matter whether defendant knew that the substance was methamphetamine.  It is sufficient that defendant knew that it was some kind of a federally controlled substance.

6.   Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant possessed with intent to distribute at least 50 grams of actual (that is, pure) methamphetamine, as described in count six of the first superseding indictment.  Defendant admits that defendant,

in fact, possessed with intent to distribute at least 50 grams of actual methamphetamine.

PENALTIES

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), as charged in count six of the first superseding indictment, is: ten years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

9.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or

7

ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

11.  Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

12.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty

regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

13. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

**February 2022 Traffic Stop**

On February 27, 2022, in Los Angeles County, within the Central District of California, defendant knowingly possessed a controlled substance, namely, fentanyl, a Schedule II narcotic drug controlled substance, with the intent to distribute the fentanyl to another person. Specifically, during a traffic stop that day, police officers found a box containing 262 pills containing fentanyl inside the center console of defendant's car. The pills were pressed with the lettering "M30." At the time of possession, defendant knew that the pills contained fentanyl or some other controlled substance.

During that same traffic stop, defendant also knowingly possessed a Glock 19, 9mm semiautomatic pistol, bearing serial number BSVD212, in furtherance of his possession of the fentanyl with intent to distribute, which is a drug trafficking crime. Specifically, officers found the firearm between the driver's seat and the center

console.  Defendant admits that the firearm was used to protect the defendant's drug trafficking operation.

### Drug Trafficking Conspiracy

Beginning no later than July 12, 2023, and continuing until on or about November 15, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant conspired and agreed with other co-conspirators to knowingly and intentionally distribute, and possess with intent to distribute, at least 50 grams of actual (that is, pure) methamphetamine, a Schedule II controlled substance. Defendant joined the agreement knowing of its purpose and intending to help accomplish that purpose.

The object of the conspiracy was accomplished, in substance, as follows: defendant obtained controlled substances, including methamphetamine, and maintained a stash house for further distribution.  Defendant and his co-conspirators packaged controlled substances, including methamphetamine, into packages at the stash house for shipment to drug customers.  Defendant and his co-conspirators then travelled to shipping stores in Los Angeles County and defendant's co-conspirators shipped the packages of controlled substances, including methamphetamine, to drug customers located throughout the United States.

For example, on or about November 7, 2023, in Los Angeles County, within the Central District of California, at the direction of defendant and others, a co-conspirator shipped four parcels, each containing approximately 8.97 kilograms of actual methamphetamine, from various shipping stores in Northridge, California, to a drug customer in the Nashville, Tennessee area.  Defendant helped package the parcels and knew the parcels contained methamphetamine.

Also on November 7, 2023, in Los Angeles County, within the Central District of California, defendant and a co-conspirator, each aiding and abetting the other, knowingly and intentionally shipped another parcel containing approximately 8.97 kilograms of actual methamphetamine from a shipping store in Sherman Oaks, California to a drug customer in the Nashville, Tennessee area.  Defendant helped package the parcel and knew the parcel contained methamphetamine.

In furtherance of the conspiracy, defendant knowingly maintained a residence in Northridge, California, for the purpose of distributing controlled substances.  On November 15, 2023, inside the stash house he maintained, defendant possessed approximately 81.47 kilograms of actual methamphetamine, approximately 291.7 grams of cocaine, drug packaging materials, a digital scale, a money counter, and the following firearms to protect the drugs: a Glock, Model 48, 9x19 caliber semiautomatic pistol, bearing serial number BMPS174, a Glock, Model 17, 9x19 caliber semiautomatic pistol, bearing serial number BWFK597, a Zastava Arms, Model PAP M92PV, 7.62x39 caliber semiautomatic pistol, bearing serial number M92PV052432, and an Anderson Manufacturing, model AM-15, .223 Remington caliber firearm, serial number 21159415.  Defendant therefore admits that as part of the conspiracy and drug trafficking crimes, he possessed dangerous weapons and maintained a premises for the purpose of distributing a controlled substance.

Based on the foregoing, defendant's drug trafficking conspiracy involved the distribution and possession with intent to distribute of at least 117.35 kilograms of actual methamphetamine attributable to defendant as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him.

11

SENTENCING FACTORS

14.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

15.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level:<br>[*At least 4.5 KG of Actual Methamphetamine*] | 38 | U.S.S.G. § 2D1.1(a)(5), (c)(1) |
| Dangerous Weapon: | +2 | U.S.S.G. § 2D1.1(b)(1) |
| Maintain Drug Premises | +2 | U.S.S.G. § 2D1.1(b)(12) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, as limited by paragraph 2(i) of this agreement.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

12

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

### WAIVER OF CONSTITUTIONAL RIGHTS

17.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary, have the Court appoint counsel -- at every other stage of the proceeding.

d.  The right to be presumed innocent and to have the burden of proof placed on the United States to prove defendant guilty beyond a reasonable doubt.

e.  The right to confront and cross-examine witnesses against defendant.

f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.  Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

13

## WAIVER OF APPEAL OF CONVICTION

18. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction within or below the range corresponding to an offense level of 39 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any

14

conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

20. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 39 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEAS

21. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, or any of the enhancements imposed

15

by the Court to which the parties stipulated in this agreement is vacated or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

23.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

24.  Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

25.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

16

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

26.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of

17

sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

29.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

18

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

JOSEPH T. MCNALLY
Acting United States Attorney

*Alexander H. Tran*                3/28/25

ALEXANDER H. TRAN                  Date
Assistant United States Attorney

*[signature]*                      3/27/25

MICHAEL SANCHEZ                    Date
Defendant

*Manuel H. Miller*                 3/27/25

MANUEL H. MILLER                   Date
Attorney for Defendant
MICHAEL SANCHEZ

Firefox                                                                                                      about:blank



19

Firefox                                                                about:blank

Firefox                                                         about:blank

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____                    _3/27/25_____
MICHAEL SANCHEZ                                    Date
Defendant

about:blank



20

3/25/2025, 11:35 AM

3/27/2025, 4:42 PM

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MICHAEL SANCHEZ's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

*Manuel H. Miller*                                3/27/25
MANUEL H. MILLER                                 Date
Attorney for Defendant MICHAEL
SANCHEZ

21