BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER H. TRAN (Cal. Bar No. 338940)
Assistant United States Attorney
Transnational Organized Crime Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0758
     Facsimile: (213) 894-0141
     E-mail:    alexander.tran@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-cr-00299-MCS |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT MICHAEL SANCHEZ |
| v. | |
| MICHAEL SANCHEZ, aka "Mike Mike Toys," | Hearing Date: June 23, 2024 Hearing Time: 3:00 p.m. Location:    Courtroom of the |
| Defendant. | Hon. Mark C. Scarsi |

     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorney Alexander H. Tran,

hereby files its sentencing position regarding Michael Sanchez.

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the presentence report, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 9, 2025                    Respectfully submitted,

                                       BILAL A. ESSAYLI
                                       United States Attorney

                                       CHRISTINA T. SHAY
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                          _____/s/_____
                                       ALEXANDER H. TRAN
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Michael Sanchez pleaded guilty to the count six of the ten count first superseding indictment, which charged defendant with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).  (ECF No. 45, Presentence Investigation Report ("PSR") ¶¶ 1-2.)  This count carries a mandatory minimum sentence of 10 years' imprisonment.  (PSR ¶ 88.)  The United States Probation and Pretrial Services Office ("USPPO") calculated a total offense level of 39 -- based on a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(a)(5), (c)(1), a two-level increase under § 2D1.1(b)(1) for possession of a dangerous weapon, a two-level increase under § 2D1.1(b)(12) for maintaining a drug premises, and a three-point reduction for acceptance of responsibility under § 3E1.1(a).  (Id. ¶¶ 35-42.)  According to the PSR, defendant has three criminal history points, which establishes a criminal history category of II.  (Id. ¶¶ 47-48.)  This results in an advisory Sentencing Guidelines range of 292 months to 365 months' imprisonment. (Id. ¶ 89.)

The government agrees with the USPPO's Guidelines calculations and respectfully recommends a low-end Guidelines sentence of 292 months' imprisonment, a five-year term of supervised release, and a special assessment of $100.

**II.   FACTUAL BACKGROUND**

As described in the PSR and factual basis that defendant agreed to as part of his plea agreement (ECF No. 42, ("Plea Agreement") ¶ 13), defendant was charged for unlawful conduct from at least two different instances:

**February 2022 Traffic Stop**

On February 27, 2022, officers conducted a traffic stop where defendant was found with a box containing 262 pills containing fentanyl inside the center console of defendant's car.  The pills were pressed with the lettering "M30."  During that same traffic stop, defendant also possessed a Glock 19, 9mm semiautomatic pistol, bearing serial number BSVD212, in furtherance of his possession of the fentanyl.  (PSR ¶¶ 16-19; Plea Agreement ¶ 13.)

**DTO Investigation & Conspiracy**

In addition to his February 2022 conduct, defendant admitted to his role in a conspiracy beginning on July 12, 2023, and continuing until on or about November 15, 2023, in which defendant conspired and agreed with other co-conspirators to distribute and possess at least 50 grams of methamphetamine.  As part of this conspiracy, defendant obtained controlled substances, including methamphetamine, and maintained a stash house at his residence for further distribution. Defendant and his co-conspirators packaged controlled substances, including methamphetamine, into packages at the stash house for shipment to drug customers.  Defendant and his co-conspirators then travelled to shipping stores in Los Angeles County and Sanchez's co-conspirators shipped the packages of controlled substances, including methamphetamine, to drug customers located throughout the United States.  (PSR ¶¶ 20-22; Plea Agreement ¶ 13.)

Specifically, On November 7, 2023, a co-conspirator was observed arriving at defendant's house and arriving at a garage belonging to defendant.  Shortly, thereafter, the co-conspirator proceeded to drive to four different mail/shipping businesses located in Northridge, California.  At each location, the co-conspirator was

2

observed removing a box from the trunk of his vehicle, entering the shipping location with the box, and exiting without it. Officers learned that each box was being shipped to different locations in Tennessee. Following these stops, the co-conspirator then met with defendant, removed a box from his vehicle, enter defendant's vehicle, and drove to another shipping location. All five parcels shipped were seized and found to contain approximately 47.54 kilograms of methamphetamine. (PSR ¶ 23; Plea Agreement ¶ 13.)

On November 15, 2023, law enforcement executed a search warrant at defendant's residence where they found approximately 81.47 kilograms of methamphetamine, approximately 291.7 grams of cocaine, drug packaging materials, a digital scale, a money counter, and the following firearms to protect the drugs: a Glock, Model 48, 9x19 caliber semiautomatic pistol, bearing serial number BMPS174, a Glock, Model 17, 9x19 caliber semiautomatic pistol, bearing serial number BWFK597, a Zastava Arms, Model PAP M92PV, 7.62x39 caliber semiautomatic pistol, bearing serial number M92PV052432, and an Anderson Manufacturing, model AM-15, .223 Remington caliber firearm, serial number 21159415. Defendant admitted that he maintained this residence for the purpose of distributing controlled substances and that his drug trafficking conspiracy involved the distribution and possession with intent to distribute of at least 129.01 kilograms of methamphetamine. (PSR ¶¶ 24-25; Plea Agreement ¶ 13.)

## III. PROBATION & PRETRIAL SERVICES OFFICE'S REPORT AND THE SENTENCING GUIDELINES

On April 2, 2025, defendant pleaded guilty to count six of the ten count first superseding indictment, which charged him with possession with intent to distribute at least 50 grams of

3

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).  (ECF No. 44 (Minutes from Change of Plea Hearing).) In the plea agreement, defendant agreed that the base offense level was 38 based on a drug quantity of at least 4.5 kilograms of actual methamphetamine and stipulated to two specific offense characteristics involving a dangerous weapon and maintaining a drug premises.  (Plea Agreement ¶ 15.)

The USPPO calculated a total offense level of 39 -- based on a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(a)(5), (c)(1), a two-level increase under § 2D1.1(b)(1) for possession of a dangerous weapon, a two-level increase under § 2D1.1(b)(12) for maintaining a drug premises, and a three-point reduction for acceptance of responsibility under § 3E1.1(a).  (PSR ¶¶ 35-42.) According to the PSR, defendant has three criminal history points, which establishes a criminal history category of II.  (Id. ¶¶ 47-48.) This results in an advisory Sentencing Guidelines range of 292 months to 365 months' imprisonment.  (Id. ¶ 89.)  The government agrees with the Guidelines calculation and criminal history calculation in the PSR.

**IV.   GOVERNMENT'S SENTENCING RECOMMENDATION**

The government respectfully recommends that the Court sentence defendant to a low-end Guidelines sentence of 292 months of imprisonment, a five-year term of supervised release, and a special assessment of $100.  This sentence is sufficient, but not greater than necessary, to meet the sentencing goals set forth in 18 U.S.C. § 3553(a).

**A.    Analysis Under 18 U.S.C. § 3553(a)**

        1.    Nature, Circumstances, and Seriousness of the Offense

The nature and circumstances of defendant's conduct are very serious.  The seriousness is reflected in the base offense level of 38, which is derived from the significant quantity of methamphetamine defendant possessed with intent to distribute during his drug conspiracy.  Indeed, the scale of the defendant's drug operation (at least 117.35 kilograms) far exceeds the threshold amount of methamphetamine (4.5 kilograms) that would warrant the highest base offense level under USSG §§ 2D1.1(a)(5) and (c)(1).  (PSR ¶ 27.) Furthermore, in addition to trafficking methamphetamine, defendant also possessed with intent to distribute fentanyl and cocaine.  (Id. ¶¶ 27, 34.)  He also possessed dangerous firearms and ammunition (while knowing he was a convicted felon) and maintained a drug premises to further his drug trafficking operation.  (Id. ¶¶ 28-33.) In mitigation, defendant's acceptance of responsibility as reflected in his plea agreement supports the government's low-end recommendation.

        2.    Defendant's History and Characteristics

Defendant's history and characteristics also justify a low-end Guidelines sentence.  As described in detail in the PSR, defendant is a 30-year old man and with some criminal history.  (PSR ¶¶ 54.) Furthermore, defendant has had minimal interactions with his father and faced some behavioral issues at school and at home.  (Id. ¶¶ 54-60.)  He also grew up in his grandparents' home where he witnessed domestic violence incidents.  (Id. ¶ 64.)  Defendant has two young children and has expressed a desire to reunite with his sons and be

present in their lives.  (Id. ¶¶ 65-68.)  These factors weigh in favor of a low-end Guidelines sentence.

### 3. Need to Protect the Public, to Provide Adequate Deterrence and Just Punishment, and to Promote Respect for the Law

The sentence must satisfy the need to punish defendant, as well as society's need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford adequate deterrence; and protect the public. 18 U.S.C. § 3553(a)(2).  Here, a low-end sentence will provide deterrence both to defendant and to others who might otherwise be inclined to perpetrate a large drug operation like defendant.  A 292-month sentence will help protect the public, provide adequate deterrence and just punishment, and promote respect for the law.

### 4. Need to Avoid Unwarranted Disparities

A low-end Guidelines sentence also minimizes sentencing disparities among similarly situated defendant because a sentence within the correctly calculated Guidelines range ensures consistency in sentencing.  See United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); Gall v. United States, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges.").  Here, under the correctly calculated Guidelines range, other defendants "with similar records who have been found guilty of similar conduct" as defendant are faced with a custody sentence between 292 months to 365 months' imprisonment.  See U.S.S.G. § 5A (Sentencing Table).  As such, the

government's recommended low-end sentence avoids an unwarranted disparity with similarly situated defendants.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully recommends that the Court sentence defendant to 292 months of imprisonment, a five-year term of supervised release, and a special assessment of $100.

7